| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>MIDDLE DISTRICT OF LOUISIANA | CIVIL ACTION:<br><br>JUDGE: |
| ADELLE YARBROUGH AND<br>GEORGE YARBROUGH | |
| VERSUS | |
| | MAGISTRATE: |
| COSTCO WHOLESALE CORPORATION,<br>GALLAGHER BASSETT SERVICES, INC.,<br>AND XYZ INSURANCE COMPANY | JURY TRIAL REQUESTED |

*****************************************************************************

## TABLE OF CONTENTS

| | Page |
|---|---|
| NATURE OF ACTION | 2 |
| PARTIES | 3 |
| JURISDICTION AND VENUE | 3 |
| FACTUAL ALLEGATIONS | 4 |
| STATMENT FOR RELIEF | 9 |
| CAUSE OF ACTION | 9 |
| PRAYER FOR RELIEF | 12 |

COMPLAINT

Plaintiffs ADELLE YARBOROUGH and GEORGE YARBOROUGH for this Complaint against Defendant(s) who allege as follows:

NATURE OF ACTION

This is a civil action for personal injuries arising from a slip-and-fall incident that occurred on or about August 20, 2024, at the Costco gas station located in Baton Rouge, Louisiana. Plaintiff Adelle Yarbrough suffered serious and ongoing physical injuries after slipping in a hazardous accumulation of gasoline negligently allowed to remain on the ground near the gas pumps. As a result of Defendant's failure to maintain its premises in a reasonably safe condition, Plaintiff seeks damages for medical expenses, pain and suffering, loss of enjoyment of life, and other related harms.

This action is brought pursuant to Louisiana Civil Code articles governing premises liability and general negligence. Additionally, this action arises under general tort principles set forth in the Louisiana Civil Code, including without limitation, Articles 2315 and common law tort principles adopted by Louisiana courts. The injuries and damages suffered by Plaintiff were directly and proximately caused by the negligence of Defendant in failing to maintain safe conditions on the premises and in allowing a hazardous accumulation of gasoline to remain in the customer area, creating an unreasonable risk of harm.

Jurisdiction is proper in this Court under 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy exceeds $75,000.

1. Defendants' negligent acts and omissions, including their failure to correct or warn of a hazardous condition, directly and proximately caused the injuries and resulting damages sustained by Plaintiff.

## PARTIES

1. Plaintiff, ADELLE YARBROUGH, is a person of the full age of majority and a resident of Ascension Parish, Louisiana.

2. Plaintiff, GEORGE YARBROUGH, is a person of the full age of majority and a resident of Ascension Parish, Louisiana.

3. Defendant, COSTCO WHOLESALE CORPORATION ("Costco"), is a foreign corporation authorized to do and doing business in the State of Louisiana, with its Principal Business Establishment in Baton Rouge, Louisiana and a principal place of business in the State of Washington.

4. Defendant, GALLAGHER BASSETT SERVICES, INC. ("Gallagher") is a foreign corporation authorized to do and doing business in the State of Louisiana, with its Principal Business Establishment in Baton Rouge, Louisiana and a principal place of business in the State of Illinois.

5. Defendant, XYZ INSURANCE COMPANY whose name and address is unknown but who is the third party liability insurance company on behalf of the named Defendant, COSTCO WHOLESALE CORPORATION and who the Defendant, GALLAGHER BASSETT SERVICES, INC. is authorized to act on behalf.

## JURISDICTION AND VENUE

6. Jurisdiction of this matter is based upon diversity jurisdiction 28 U.S.C. § 1332 because this dispute is between parties of different states and the matter in controversy,

exclusive of interest and cost, exceeds the sum of $75,000.

7. Supplemental jurisdiction is conferred upon this court over the state law claims pursuant to 28 U.S.C.§ 1367(a).

8. Jurisdiction and venue are proper considering that the incident which is the subject of this complaint occurred within this judicial district. Specifically, all acts and omissions, against Plaintiffs ADELLE YARBOROUGH and GEORGE YARBOROUGH were committed by the Defendant complained of herein, in Baton Rouge, Louisiana.

9. Said Defendant are justly and truly indebted to Petitioners.

## FACTUAL ALLEGATIONS

10. On or about August 21, 2024, Mrs. Yarborough visited the COSCO gas station located in East Baton Rouge Parish of Baton Rouge, Louisiana for the purpose of purchasing fuel.

11. As Mrs. Yarborough exited her vehicle and approached the pump, she suddenly slipped in a pool of gasoline that had accumulated on the ground near the fueling station.

12. The hazardous condition caused Plaintiff to slip and fall forward and strike her left knee directly against the metal housing of the gas pump, resulting in immediate and severe pain.

**DEFENDANT, COSCO WHOLESALE CORPORATION**

13. The presence of gasoline on the ground at or near the fuel pump created an unreasonably dangerous condition that posed a serious risk of harm to patrons, including Mrs. Yarbrough. This hazardous condition was neither marked by cones, signs, or other visual warnings, nor was the area blocked off, cleaned, or made safe to alert customers of the danger

4

prior to the incident. Despite the known risks associated with fuel dispensing operations, upon information and belief, the Defendant failed to implement or perform any timely inspections or corrective measures to detect and remedy the spill.

14. Critically, after Plaintiff's fall, the Defendant was observed mopping the area to remove the spilled gasoline. This post-incident conduct confirms the existence and extent of the hazard at the time of the fall, and further demonstrates that no inspection had occurred prior to the incident—otherwise the spill would have been detected and addressed beforehand. Consequently, the Defendant's immediate efforts to clean up the gasoline after the injury are a tacit admission that the condition was dangerous and unaddressed at the time of the incident.

15. The Defendant's failure to conduct reasonable inspections, combined with its delayed response to a known fuel-related hazard, prior to Mrs. Yarbrough's fall, constitutes a breach of their legal duty under Louisiana Civil Code articles 2315 and 2317.1. As a direct result, Plaintiff sustained serious injuries that could have been prevented had appropriate inspection, maintenance, and hazard mitigation procedures been followed.

16. Upon information and belief, Defendant caused the hazardous condition, failed to inspect the premises adequately, or otherwise failed to timely discover and remedy the dangerous situation. More specifically, upon information and belief, the hazardous gasoline spill was either the result of Defendant's own operations at the fuel pump area or had persisted long enough that the Defendant, through the exercise of reasonable inspection protocols, should have discovered and addressed it. No warnings, barriers, or cleanup efforts were present at the time of the incident, indicating a failure to monitor and maintain the premises in a reasonably safe condition. The spill was only cleaned after Plaintiff's fall, confirming both its presence and the Defendants' failure to detect or respond in a timely manner.

17. As a direct result of the fall, MRS. YARBOROUGH suffered injuries to her left

knee and lower back, including but not limited to pain, inflammation, and nerve-related symptoms.

18. Plaintiff underwent months of extensive medical treatment, including multiple rounds of physical therapy, as a direct result of the injuries sustained in the incident. Her treatment required consistent travel, frequent appointments, and ongoing physical discomfort. Despite completing the prescribed course of care, Plaintiff continues to experience pain, functional limitations, and diminished mobility—particularly in her knee and lower back. These physical injuries have disrupted her daily life, impaired her ability to engage in normal activities, and caused significant emotional and physical hardship. These facts and treatment records were made available to the insurer during the claims process, yet it failed to reasonably evaluate or compensate her claim. Plaintiff seeks full compensation for all medical care, pain and suffering, loss of enjoyment of life, loss of consortium, and any future treatment or accommodations necessitated by these ongoing injuries.

19. Mrs. Yarbrough has reached maximum medical improvement through conservative treatment, including physical therapy, which has provided all the relief it can offer. However, she continues to experience persistent discomfort and functional limitations in her knee and lower back. At this stage, further progress would require more invasive treatment options, the effects of which remain uncertain. Further improvement would likely require invasive interventions such as corticosteroid injections, surgical evaluation, or other advanced procedures, which carry their own risks and uncertainties.

**DEFENDANT, XYZ INSURANCE COMPANY Acting Through Its Authorized Third-Party Administrator, DEFENDANT, GALLAGHER BASSETT SERVICES, INC.**

20. Despite receiving sufficient proof of loss—including medical records, treatment summaries, and documentation clearly detailing the extent and nature of Plaintiff's injuries—

the Defendant's insurer extended a nominal settlement offer of $2,500. This offer wholly disregarded the documented knee injury and instead relied on an unsubstantiated assertion that Plaintiff's back injury was degenerative in nature. Defendant made no effort to meaningfully evaluate the claim or engage in good faith settlement discussions. This conduct demonstrates a clear failure to fulfill its obligations under Louisiana law and supports Plaintiff's claim for penalties and damages for bad faith pursuant to La. R.S. 1892(1) formerly La. R.S. 22:1973 and 22:1892.

21. Furthermore, Defendant has denied liability based on purported photographs and, upon information and belief, video surveillance footage. However, despite relying on this evidence to justify its refusal to accept responsibility for the hazardous condition, Defendant has failed and refused to produce the materials for inspection. The insurer's vague and unsupported assertion that the condition was 'open and obvious' lacks any factual foundation or transparency. This refusal to disclose the basis for its position, combined with its failure to engage in a meaningful investigation or good faith evaluation of the claim, constitutes a breach of its duties under Louisiana law and underscores a pattern of arbitrary and capricious claim handling.

22. Consequently, by withholding the very photographs and video footage it claims justify denying liability, the insurer has arbitrarily rejected the Plaintiff's claim without transparency or evidentiary support. Compounding this bad faith, it attempted to present a nominal $2,500 offer—grossly detached from the extent of the injuries—as a legitimate act of resolution, when in fact it served only to disguise an unjustified denial under the pretense of negotiation.

23. Accordingly, the Defendant insurer misrepresented pertinent facts in connection with Plaintiff's claim by asserting that the alleged hazard was "open and obvious" and that

7

there was no liability, despite possessing photographs and video footage that it refused to disclose. Upon information and belief, these materials do not support such a conclusion, and Defendant's refusal to produce them reflects a deliberate attempt to mislead Plaintiff as to the factual basis for its denial. This misrepresentation of critical facts constitutes a violation of **La. R.S. 22:1892, formerly** La. R.S. 22:1973(B)(1) and forms the basis for Plaintiff's bad faith claim as a third-party claimant.

24. Additionally, the insurer further misrepresented the nature and extent of Plaintiff's injuries by arbitrarily labeling her back injury as "degenerative" without medical evidence and in direct contradiction to the records and evaluations provided. This mischaracterization was used as a basis to undervalue the claim and issue a nominal settlement offer that did not reflect the true scope of damages. In doing so, the insurer knowingly misrepresented a pertinent fact relating to coverage and claim evaluation, in violation of **La. R.S. 22:1892, formerly** La. R.S. 22:1973(B)(1).

## DEFENDANT, COSCO WHOLESALE CORPORATION

25. As a direct result of Mrs. Yarbrough's injuries, her elderly husband has suffered a significant loss of companionship, care, and shared daily life. Their long-standing relationship has been strained by her physical limitations, which now prevent her from fully engaging in the emotional and practical partnership they once enjoyed. The disruption to their routine and quality time during this later stage of life has caused emotional distress and a measurable loss of consortium.

21. Plaintiffs reserve the right to supplement and/or amend this petition upon discovery of additional claims and/or parties who may have suffered injuries as a result of the Defendants' actions.

STATEMENT OF RELIEF
CAUSE OF ACTIONS

## COUNT I

**Premises Liability – Negligence (La. C.C. articles 2315, 2316, and 2317.1)**

22. The foregoing paragraphs are re-alleged and incorporated by reference as though fully set forth herein.

23. Defendants owed a duty of care to maintain their premises in a reasonably safe condition, to inspect for hazardous conditions, and to warn patrons of known dangers. Despite this duty, Defendants failed to identify, warn of, or remedy an unreasonably dangerous condition—specifically, the presence of gasoline on the ground near the fuel pump area. This spill, which was unmarked, uncleaned, and lacked any visible warning signs or barriers, posed a clear and foreseeable risk to customers.

24. Upon information and belief, Defendants either directly caused the hazardous condition or failed to exercise reasonable care in monitoring and maintaining the area. Notably, the hazard was only addressed after Plaintiff's fall, when Defendants belatedly mopped the area—further demonstrating both the danger and their constructive knowledge of it.

25. As a direct and proximate result of this negligence, Defendant's actions, in violation of Louisiana Civil Code Article 2315, has caused Plaintiff to suffer bodily injuries, pain and suffering, and medical expenses entitling her to compensatory damages pursuant to Louisiana Civil Code Art 2315, 2316, and 2317.1.

## COUNT II

**Misrepresentation, Duty of Good Faith And Fair Dealing, Unfair Claims Practice (La. R.S. 22:1892, as amended, La. R.S. 22:1964)**

26. The foregoing paragraphs are re-alleged and incorporated by reference as though fully set forth herein.

27. The insurer, acting through its authorized third-party administrator, Defendant, Gallagher, intentionally or knowingly misrepresented the nature of Plaintiff's injuries by classifying them as degenerative without medical basis. This misrepresentation was used to undervalue the claim and disguise the denial of liability. The insurer also failed to disclose the video or photographic evidence it allegedly relied upon to dispute liability, further obscuring the true basis for its evaluation. These misrepresentations were material, relied upon in attempting to resolve the claim amicably, and caused harm to the Plaintiff in the form of delay, litigation costs, and emotional distress. Moreover, this mischaracterization of the injury and undervaluing constitutes a misrepresentation of the value of the claim and is a bad faith tactic to avoid full liability.

## COUNT III

**Bad Faith Failure to Evaluate and Resolve Claim** (La. R.S. 22:1892, et seq.)

28. The foregoing paragraphs are re-alleged and incorporated by reference as though fully set forth herein.

29. Despite receipt of sufficient proof of loss—including medical records and documentation substantiating liability and damages—the insurer failed to make a fair and timely offer to settle. Instead, it issued a nominal offer of $2,500, which failed to reflect the extent of Plaintiff's injuries and completely disregarded compensation for the known knee

injury. The insurer's valuation was arbitrarily anchored to an unsupported assertion that Plaintiff's back injury was degenerative, and it refused to consider the claim in good faith.

30. Such conduct constitutes a breach of the insurer's obligations under La. R.S. 22:1892, et seq. which prohibit misrepresenting pertinent facts, failing to pay claims within a certain time of receipt of satisfactory proof of loss, and failing to make a reasonable effort to settle claims. The insurer's actions were arbitrary, capricious, and without probable cause, warranting penalties and attorney fees as permitted under law.

## COUNT IV

### Loss of Consortium (La. C.C. art. 2315, et seq.)

31. The foregoing paragraphs are re-alleged and incorporated by reference as though fully set forth herein.

32. As a direct result of Plaintiff's injuries, her spouse has suffered a loss of consortium, companionship, and household services. Given the couple's advanced age and the nature of their long-standing relationship, the impact has been particularly burdensome. Plaintiff's spouse has endured emotional distress and increased responsibilities at home due to her diminished physical capacity. These damages are recoverable under Louisiana Civil Code Article 2315 and are asserted herein on behalf of Plaintiff's spouse.

## DEMAND FOR DAMAGES

33. As a result of the aforesaid collision, Plaintiff suffered injuries and losses for which he seeks all reasonable past and future damages from the Defendant, including, but not limited to physical pain and suffering, past and future medical expenses, past and future disability, mental anguish and emotional distress, loss of the enjoyment of life, loss of consortium and related expenses, punitive damages to the extent allowed by law, and all other

damages as may be assessed following a trial of this matter.

## DEMAND FOR ATTORNEY'S FEES AND COSTS

24. Plaintiffs are entitled to an award of all costs, including reasonable attorney's fees pursuant to all statement of relief and causes of actions stated herein.

## JURY TRIAL REQUESTED

34. Plaintiff hereby seeks a jury trial as to all issues against Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that upon a trial hereof he be granted judgment against the named Defendants as follows:

A. Recovery from all named Defendants of the amount of full policy limits, representing the uncompensated damages resulting from the accident;

B. All applicable interest, costs, and attorney's fees as allowed by law;

C. Damages as allowed on each Cause of Action in an amount equal to her damages sustained, such amount being in excess of the current minimum required for federal court jurisdiction, according to proof at the time of trial;

D. Punitive, Compensatory and exemplary damages;

E. All together with any interest, pre-judgment and post-judgment, costs and disbursements; and Attorney Fees;

F. Such other and further relief available under the law and as this Court deems just and proper;

FURTHER, Plaintiffs pray that the exact nature and extent of Plaintiffs' damages have yet to be calculated, and Plaintiffs will seek leave of Court to amend this complaint to conform

to proof at the time of trial. FURTHER, Plaintiffs pray that a jury trial is granted in this matter.

                                                                                   Respectfully,

*s/JP Gorham*
_____
JP Gorham (Bar # 31746)
JP Gorham Attorney At Law LLC
PO BOX 86928
Baton Rouge, LA 70879
225-341-5939 Office
504-957-3551 Direct
jpgorham@gorhamlawfirm.com

13